UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY E. McCLOREY,

       Plaintiff,                    CIVIL ACTION NO. 05 CV 74246 DT

   v.                                        DISTRICT JUDGE JOHN FEIKENS

COMMISSIONER OF                   MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

    This is an action for judicial review of the defendant's decision denying plaintiff's application for Social Security disability benefits. Plaintiff alleged that she became disabled in October/November, 2001, due to foot and back impairments and fibromyalgia. Following her initial denial, plaintiff's case was heard before an ALJ. The ALJ found that plaintiff could perform her past relevant work as well as other jobs existing in significant numbers, and therefore, she was not entitled to benefits. This became the final decision of the Commissioner. Plaintiff contends that this finding is not supported by substantial evidence. Defendant contends otherwise. For the reasons discussed in this Report, it is recommended that the decision denying benefits be affirmed.

    At the time of the decision, plaintiff was 48 years old. She is a high school graduate. She has past relevant work for the State of Michigan for some 20 years as a resident care aide at

...
...
...
...

various mental health facilities. Her jobs required her to lift patients and were performed at the medium to heavy exertional level. (Tr. 63, 408) In 1998, plaintiff advised her employer that she was unable to work due to pain, and after taking some time off, she terminated her employment by electing to be placed on long-term disability.

After being off work for a while, she began working in 1999 as a part time resident health care aide at Timberline Lodge, a private adult foster care facility. (Tr. 434) That job was sedentary and unskilled. (Tr. 434, 438) Plaintiff states that she worked one day a week in a night watch position. Part of her duties included folding laundry, set up morning pills for the residents, peeling potatoes, and passing medications. She made hourly checks on the residents but was not required to carry more than five pounds. (Tr. 422-424) Plaintiff testified that she could not do this job five days a week due to fatigue and pain. In addition, she could not do the additional housekeeping duties requested of her by her employer, such as cleaning cupboards and bathrooms. Plaintiff lives with her husband who does most of the cleaning and cooking. (Tr. 416) She has not seen any doctors lately because she has no health insurance. She has a handicap sticker on her car which is renewed automatically. (Tr. 430) At the time of the hearing, plaintiff was babysitting a two year old nephew three to five days a week for an hour or so a day. (Tr. 408-409)

The issue before the court is whether to affirm the Commissioner's determination. In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal

> standards in reaching her conclusion. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the national economy. Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

Plaintiff raises four issues:

1. The ALJ failed to take into account her numerous diagnoses for conditions that were severe and imposed significant limitations on her ability to work.

2. The ALJ failed to assess substantial medical evidence that demonstrated debilitating pain.

3. The ALJ failed to apply the Sixth Circuit's treating physician's doctrine.

4. There is no record support for the ALJ's finding that plaintiff's activities of daily living contradict her testimony regarding her level of pain.

*1. The ALJ failed to take into account her numerous diagnoses for conditions that were severe and imposed significant limitations on her ability to work.*

The ALJ identified plaintiff's history of impairments and the resulting limitations in his residual functional capacity assessment. Regarding her physical conditions, plaintiff testified that she had work restrictions in 1998 and in her opinion, the employer "didn't want to deal with" those restrictions. (Tr. 421) Plaintiff went on long term disability in 1998 because she was in too much pain and too weak. Her feet hurt and it was painful for her to walk. She could walk for only ten or 15 minutes and then would have to sit down. (Tr. 412) Her back becomes very painful and she can only sit in a chair for 30 to 45 minutes. (Tr. 413) Back pain prevents plaintiff from lifting things and she has problems holding pens or picking up a coin. (Tr. 414) It is difficult for her to raise her hand above her head. In addition, her knees bother her and it is hard to go upstairs. (Tr. 415)

The medical record reflects mainly treatment in 1998 and before. Plaintiff states she currently has no medical insurance. The record shows that plaintiff has a history of foot and back impairments and recent diagnoses of depression and fibromyalgia. (Tr. 108-110, 136-140, 161-164, 216-230, 239, 272-277, 350-351, 361-371) She did treat at a pain clinic in 1998 and was placed on Neurontin at that time with improvement expected. (Tr. 135-136) Dr. Mohammad Jilani diagnosed fibromyalgia and chronic pain syndrome in 1999, but no restrictions are noted.

He treated her with aquatic therapy, a self-fitness program, and proper body mechanics. However, as noted by the government, no doctor has opined that there are specific functional limitations which would preclude the performance of sedentary work, as found by the ALJ in the residual functional capacity assessment. When seen for a general checkup in October, 2001, plaintiff noted her chronic foot pain, chronic back pain, depression, and insomnia. She was on Prozac and had a flat affect, but a better mood than when seen before. She reported painful hands and everywhere, and difficulty after sitting too long. The diagnosis was chronic back pain and arthropathy, with moderate symptoms and no impairment. (Tr. 109) She had some impairment as a result of her depression, rated as mild restriction of daily activities, social functioning, concentration, persistence and pace. (Tr. 110, 123) Her physical capacity evaluation showed normal range of motion, and allegations of disabling pain not fully credible. (Tr. 128-142) The ALJ discussed each impairment and considered both the medical evidence and her activities of daily living. He took all the record evidence into account and properly found that she could perform a limited range of sedentary work that accommodated her impairments. No error is shown.

    *2. The ALJ failed to assess substantial medical evidence that demonstrated debilitating pain.*

Plaintiff claims the ALJ did not properly evaluate her complaints of disabling pain. The ALJ found they were not credible. Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain. Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984). Therefore, a determination of disability based on pain depends largely on the

credibility of the plaintiff. Houston, 736 F.2d at 367; Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987). Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464.

In Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability. Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991).

Here, plaintiff has alleged that she has fibromyalgia, left tarsal tunnel syndrome, arthritis, and some depression, and has provide medical evidence of the same. Accepting that the medical opinion of fibromyalgia constitutes "objective evidence" of an "underlying medical condition" (see discussion infra), these conditions are not shown to be so severe as to produce the disabling pain alleged. She engaged a variety of daily activities–both part-time work and babysitting, as well as church and social activities. She takes minimal medication. While it is clear that plaintiff has severe impairments, there is no showing that she is unable to perform simple, sedentary work as restricted by the ALJ.

*3. The ALJ failed to apply the Sixth Circuit's treating physician's doctrine.*

Plaintiff contends that Dr. Throckmorton's opinion in 1997 and 1998 while she was working at Caro Center performing medium to heavy work constitutes substantial evidence that she could not work at the time of her alleged onset of 2001 when she was performing sedentary work at Timberline Lodge. It is true that plaintiff had a number of impairments for which she received treatment in 1995 to 1999. However, plaintiff then returned to work and was performing sedentary work for some period of time. The ALJ noted her problems but found her subjective allegations of incapacitating symptoms not fully credible. He limited her to performing simple, routine, sedentary work, a finding consistent with the objective medical evidence, her on-going performance of part-time work, and her testimony.

*4. There is no record support for the ALJ's finding that plaintiff's activities of daily living contradict her testimony regarding her level of pain.*

Plaintiff filled out a form in which she indicated that although she has pain all the time, she reads, sometimes swim or does hand work, does a little yard work, visits with friends and family, and does light housework. (Tr. 83-86) She attends church services and meetings, and she does not need help to visit. For her pain, plaintiff takes only Tylenol, although in the past she has been on a variety of medications including Vicodin, Neuroton, Celebrex, Motrin, Prozac and Zoloft. (Tr. 84)

In this circuit, as discussed above, there is a two-prong test under Duncan for evaluating a plaintiff's assertions of disabling pain. Where, as here, plaintiff alleges to be disabled due to pain resulting from, *inter alia*, fibromyalgia, the two-part test is particularly difficult to apply.

Fibromyalgia, by nature, defies objective assessment. Nonetheless, numerous courts, including the Sixth Circuit, have recognized that fibromyalgia can be a disabling condition. See Preson v. Secretary of HHS, 854 F.2d 815, 817 (6th Cir. 1988); see also Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir 2003). Judicial review of the administrative determination remains problematic. As discussed in Swain v. Commissioner, 297 F.Supp.2d 986, 990 (N.D. Ohio 2003), the first alternative test under the second prong of Duncan (medical evidence confirming the severity of the alleged pain) almost never exists. Additionally, there is generally an absence of diagnostic findings confirming the severity of the impairment. This puts a premium on the ALJ's articulation of the reasons supporting his credibility findings. Id. In this case, the ALJ carefully considered the evidence, the testimony, her daily activities, and the record as a whole in reaching his conclusion. He reasonably weighed these factors and determined that she retained the residual functional capacity to perform sedentary work. There is no showing that this was an unreasonable determination or contrary to legal standards. Thus, there is substantial evidence to support the denial of benefits.

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

 s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: June 6, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on June 6, 2006.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan